# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

STEVEN R. SCHMELTER,

          Plaintiff,

v.                                                                      Case No. 07-C-745

MICHAEL J. ASTRUE, Commissioner
for Social Security Administration,

          Defendant.

_____

# ORDER

Plaintiff Steven Schmelter filed an action for judicial review, pursuant to 42 U.S.C. § 405(g), of the denial of his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") by the Commissioner of Social Security (the "Commissioner"). After an evidentiary hearing, an administrative law judge ("ALJ") concluded that Schmelter did not qualify as disabled within the meaning of the Social Security Act, thus was not entitled to DIB or SSI. On April 23, 2007, the Appeals Council declined review, rendering the ALJ's decision the final decision of the Commissioner. Schmelter argues that the ALJ's decision was not based on substantial evidence and that new evidence supports his claim for disability benefits.

## BACKGROUND

Schmelter filed applications for DIB and SSI on November 10, 2005, alleging disability beginning July 15, 2005. His application was denied, and after his request for reconsideration was denied, Schmelter requested a hearing before an ALJ. A

hearing was held before an ALJ on November 27, 2006, and on February 5, 2007, the ALJ issued a decision denying benefits. (Tr. 24). Schmelter requested review of this decision. (Tr. 8). The Appeals Council denied his request. (Tr. 5). Subsequently, Schmelter requested additional time to file a civil action seeking judicial review; the Appeals Council granted this request. (Tr. 4). On August 17, 2007, Schmelter filed a complaint with this Court, seeking judicial review of the denial of benefits by the Commissioner.

## DISCUSSION

### I.  Decision Supported by Substantial Evidence

The Social Security Act provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court reviews the record as a whole but is not allowed to substitute its judgment for the ALJ's by considering facts, re-weighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Id.*

Schmelter argues that the ALJ's decision that Schmelter has not been under a "disability" from July 15, 2005, is not supported by substantial evidence. Evidence is substantial if it is sufficient for a reasonable person to accept as adequate to support the decision. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). The record suggests that the ALJ carefully reviewed the evidence and went through the proper five-step inquiry. *See* 20 C.F.R. § 404.1520; (Tr. 17-24). The ALJ found that Schmelter met the insured status requirement, had not engaged in substantial gainful activity since the alleged onset date, and is severely impaired by extremity

polyneuropathy. (Tr. 18). However, the ALJ found that Schmelter did not have an impairment or combination of impairments that met or medically equaled the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. (Tr. 19). The ALJ went on to find that Schmelter has the residual functional capacity ("RFC") for a slightly limited range of sedentary work. (Tr. 19). It would appear to be this finding that Schmelter alleges is not supported by substantial evidence, as his brief claims that his doctor, Dr. Edward Reshel, "clearly states [Schmelter] [is] unable to work [d]ue to Small Fiber Polyneuropathy." (Pl. Brief).

Though Dr. Reshel did indeed state that plaintiff's small fiber polyneuropathy "makes it impossible for him to work" (Tr. 174), the ultimate decision as to plaintiff's ability to work is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-5p. Thus, Dr. Reshel's opinion is not controlling on the ALJ. SSR 96-5p. Similarly, the fact that the ALJ's decision is contrary to Dr. Reshel's statement does not mean that the ALJ's decision is not supported by substantial evidence. Indeed, in weighing all the evidence, the ALJ found that Dr. Reshel's opinion about Schmelter's inability to work was not supported by the record. (Tr. 22). While Dr. Reshel opined in March 2006 that plaintiff's pain precluded him from working (Tr. 173), the ALJ found that this statement was not supported by a report of Reshel's subsequent April 2006 examination of plaintiff, which found only modest impairments. (Tr. 20). Similarly, the ALJ found that Dr. Reshel's repeated assertions that plaintiff was unable to work (Tr. 172, 174, 179) were not congruent with Reshel's own reports, which the ALJ described as evidencing limited objective

findings, but showing: unremarkable gait, consistent normal results to motor exams, and mostly normal results on strength exams, with some exceptions. (Tr. 22). The ALJ further observed that Dr. Reshel treated Schmelter conservatively with medical management, and that Schmelter was not taking any narcotic pain medication - both of which suggested to the ALJ that plaintiff's pain is not as severe as implied by Reshel. (Tr. 22).

The ALJ pointed out that he must consider and weigh the medical opinions of all physicians, including those of the State Agency physicians who concluded that Schmelter is capable of sedentary work. (Tr. 21). *See* 20 C.F.R. § 404.1527(d). The ALJ ultimately concluded, based in part on evidence presented at the hearing, that plaintiff was slightly more restricted than the State Agency physicians found him to be (Tr. 21), but not as restricted as Dr. Reshel claimed he was. (Tr. 22). The ALJ thus reasonably found that plaintiff retained the RFC for a slightly limited range of sedentary work. (Tr. 19). Because this finding was based on the objective medical record evidence, including the reports of all three doctors, it is supported by substantial evidence. *See Jens*, 347 F.3d at 212.

Upon finding Schmelter capable of performing a slightly limited range of sedentary work, and unable to perform past relevant work, Dr. Reshel - with the assistance of a vocation specialist - determined that, considering Schmelter's age, education, work experience, and RFC, there exist significant numbers of jobs in the national economy that plaintiff can perform. (Tr. 23). Such jobs include 1,400 general office clerk jobs, 550 surveillance monitor jobs, and 250 parking lot attendant

-4-

jobs within the five county southeastern Wisconsin, Milwaukee metro region. (Tr. 23-24). Given this determination, the ALJ correctly concluded that plaintiff is not "disabled" as defined in the Social Security Act. (Tr. 24); *see* 20 C.F.R. §§ 404.1520(g), 416.920(g).

## II.  Immateriality of New Evidence

Subsequent to filing his brief, plaintiff filed a medical report from Dr. Reshel, and two letters - one from Dr. Reshel, the other from Dr. Samer Gawrieh. (Plaintiff's Supplemental Filing ("Pl. Supp.") 1-3). Both documents from Dr. Reshel are mere photocopies of documents included in the administrative record. *See* Tr. 182, 174. The documents from Dr. Reshel are not new evidence - rather, they were reviewed and considered by the ALJ in reaching his determination - and these documents' only relevancy is in determining whether the ALJ's decision was based on substantial evidence, which it was.

The letter from Dr. Samer states Schmelter is being treated for "alcoholic cirrhosis complicated by ascites and esophageal varices," and that as a result Schmelter "remains extremely fatigued and with low energy as expected with cirrhosis." (Pl. Supp. 1). As this letter does not appear in the administrative record, it may constitute new evidence. New evidence may entitle plaintiff to remand under the sixth sentence of 42 U.S.C. § 405(g), but only if plaintiff can show "that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review, and there is good cause for not introducing the evidence during the administrative proceedings."

*Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989); *See* 42 U.S.C. § 405(g). Unlike the Court's review of the ALJ's decision, the determination regarding remand is a *de novo* proceeding. *Cherry v. Heckler*, 760 F.2d 1186, 1194 (11th Cir. 1985).

Plaintiff has not demonstrated that the evidence contained in Dr. Samer's letter is new. Dr. Samer's letter is dated December 10, 2007, eight months after the closing of administrative proceedings on April 23, 2007. However, neither the letter nor plaintiff establish the date which Schmelter began treatment with Dr. Samer, which would have had to have been after April 23, 2007, for this evidence to be considered new. *See Sears v. Bowen*, 840 F.2d 394, 399 (7th Cir. 1988). Obviously, if plaintiff had shown that the evidence was new - not in existence during the time of the proceedings - he would, in doing so, have gone a long way in demonstrating good cause. Yet, as it stands, plaintiff has made no showing as to good cause. Similarly, plaintiff has not made a sufficient showing of materiality. To be material, new evidence must relate to the time period for which the disability benefits were denied, and there must be a reasonable probability that the Secretary would have reached a different decision if the new evidence had been presented. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Thus, "evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition" is not material. *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3rd Cir. 1984). As the Commissioner points out in his brief, Dr. Reshel, in December 2005, stated that plaintiff had no other active medical issues beyond his neuropathy. (Def. Br. 14; Tr. 183). Thus, it appears that plaintiff's cirrhosis does not

-6-

Case 2:07-cv-00745-JPS   Filed 09/04/08   Page 6 of 7   Document 14

relate to the time period for which the disability benefits were denied, and the proper action would be for plaintiff to file a new claim alleging disability as a result of a combination of neuropathy and cirrhosis.

Sentence six of 42 U.S.C. § 405(g) places the burden on plaintiff to demonstrate the newness and materiality of evidence, and good cause for not proffering such evidence during administrative proceedings. As shown, Schmelter has not demonstrated that Dr. Samer's letter meets any of these prongs. Therefore, this Court concludes that a sentence six remand is not warranted in this case.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner denying Schmelter's request for disability insurance benefits and supplemental security income be and the same is hereby **AFFIRMED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge